FILED IN OPEN COURT
4/4/2016
TIMOTHY M. O'BRIEN, CLERK
BY M. Garrett
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILLIP SCOTT KRITES,

    Defendant.

Case No. 15-40078-DDC

PLEA AGREEMENT PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Anthony W. Mattivi, Assistant United States Attorney for the District of Kansas, and Phillip Scott Krites, the defendant, personally and by and through his counsel, Andrew J. McGowan, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 (the sole count) of the Indictment, which charges a violation of 18 U.S.C. § 922(g)(1), that is, being a convicted felon in possession of a firearm. By entering into this Plea Agreement, the defendant admits to knowingly committing this offense and to being guilty of the offense. The defendant understands the maximum sentence that may be imposed as to Count 1 of the Indictment is a term of imprisonment for not more than ten (10) years (18 U.S.C. § 924(a)(2)), a fine not to exceed $250,000 (18 U.S.C. § 3571(b)(3)), a term of supervised release of not more than three years (18 U.S.C. §§ 3581(b)(3) & 3583(b)(2)), and a mandatory special assessment of $100 (18 U.S.C. § 3013(a)(2)(A)). The defendant also agrees to not contest the forfeiture count of the Indictment.

2.      **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On August 22, 2015, agents from the Kansas Bureau of Investigation arrested the defendant on an outstanding warrant in a Leavenworth County burglary case. At the time of the arrest, the defendant was in possession of a loaded Remington, Model 1911, .45 caliber semi-automatic pistol, along with a second loaded magazine for the weapon. The defendant was legally precluded from possessing the weapon at the time because of a 2002 felony conviction for aggravated robbery and a 2013 felony conviction for possession of methamphetamine. The weapon had traveled in interstate commerce prior to the defendant possessing it.

3.      **Proposed (c)(1)(C) Sentence.**  The parties propose, as an appropriate disposition of the case, a sentence of imprisonment for sixty months, a term of supervised release of three years, no fine or restitution, and a mandatory special assessment of $100. The parties seek this binding Plea Agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this Plea Agreement. This Plea Agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4.      **Application of the Sentencing Guidelines.**  The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5.      **Government's Agreements.**  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment.

6.      **Consequences for Violating Plea Agreement.**  The United States' obligations under this Plea Agreement are contingent upon defendant continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, this Plea Agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule

of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

7.  **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed Plea Agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding Plea Agreement as an appropriate disposition of the case.

8.  **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by the proposed Plea Agreement and accepts the defendant's guilty plea, the defendant will not be permitted to withdraw his guilty plea. Only if the Court rejects the proposed Plea Agreement will the defendant be permitted to withdraw his guilty plea.

9.  **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the

right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant

to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13.     **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only him and the United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14.     **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

15. **Plea is Voluntary.** The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____  Date: 04 APRIL 16
Anthony W. Mattivi
Assistant United States Attorney

_____ FOR  Date: 04 APRIL 16
Debra Barnett
Criminal Chief

_____  Date: 4/4/16
Phillip Scott Krites
Defendant

_____  Date: 4/4/16
Andrew J. McGowan
Counsel for Defendant

7